UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT JAMES HART, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.  ) | 2:23-cv-00169-JDL |
| ) | |
| STATE OF MAINE DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION**

In accordance with a prior Court order, on November 30, 2023, Plaintiff filed a report regarding the status of his state court criminal proceeding. (Status Report, ECF No. 11.) The Court previously stayed this action, which is based on some of the circumstances underlying the state court criminal matter. (Order, ECF No. 8.) In his recent status report, Plaintiff expressed concern about the delay in the resolution of his state court matter and asked this Court for an "injunction." To the extent Plaintiff asks the Court for emergency injunctive relief, I recommend the Court deny Plaintiff's request.

Plaintiff evidently wants the Court to direct the state court or some of the participants in the state court matter to take certain action regarding the charges pending against him in state court. As I previously explained, the *Younger* doctrine requires abstention. (*See* Order at 3-4.) That is, the principles articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) have "led the federal courts to abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." *In re Justices of Superior*

*Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000). Because abstention is required for the reasons set forth in the Court's prior order, because the length of the alleged pretrial detention (approximately one year) would not in and of itself constitute an "extraordinary circumstance" to qualify as an exception to the abstention doctrine,[1] and because Defendant has not otherwise provided record evidence to support a claim for immediate injunctive relief,[2] I recommend the Court deny Plaintiff's request for injunctive relief and maintain the stay of the proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of December, 2023.

---

[1] *See Christian Action Network v. Maine*, 679 F. Supp. 2d 140, 145 (D. Me. 2010) ("Extraordinary circumstances include bad faith, harassment and extreme bias; great and immediate irreparable harm to core constitutional values . . .").

[2] Federal Rule of Civil Procedure 65, which would govern Plaintiff's request for an immediate injunction, provides in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1).