UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT JAMES HART, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>STATE OF MAINE DEPARTMENT )<br>OF CORRECTIONS, et al., )<br>)<br>Defendants ) | 2:23-cv-00169-JDL |

**RECOMMENDED DECISION**

In accordance with a prior Court order, on April 25, 2024, Plaintiff filed a report regarding the status of his state court criminal proceeding. (Status Report, ECF No. 16.) The Court previously stayed this action, which is based on some of the circumstances underlying the state court criminal matter. (Order, ECF No. 10.) In his recent status report, Plaintiff expressed double jeopardy concerns regarding the prosecution of the state court matter. Plaintiff asked for an "injunction," presumably to stop the prosecution based on the alleged double jeopardy issue. To the extent Plaintiff asks the Court for emergency injunctive relief, I recommend the Court deny Plaintiff's request.[1]

Plaintiff apparently asks the Court to determine that the state court prosecution subjects him to double jeopardy in violation of the United States Constitution and to stop

---

[1] Plaintiff previously requested injunctive relief to address an alleged delay in the prosecution. The Court denied Plaintiff's request. (Recommended Decision, ECF No. 12; Order Accepting Recommended Decision, ECF No. 14.)

the prosecution. As I explained in the recommended decision on Plaintiff's prior request for an injunction, the *Younger* doctrine requires abstention. (*See* Recommended Decision at 1-2.) The principles articulated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) have "led the federal courts to abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." *In re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000).

Furthermore, Plaintiff has not provided a record upon which the Court could enter emergency injunctive relief. Federal Rule of Civil Procedure 65, which would govern Plaintiff's request for an immediate injunction, provides in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1). Plaintiff has not filed an affidavit or otherwise submitted record evidence that would support his request for immediate injunctive relief. Accordingly, I recommend the Court deny Plaintiff's request for injunctive relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right

to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of April, 2024.