UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT JAMES HART, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00169-NT |
| | ) | |
| STATE OF MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

After review of Plaintiff's complaint, on May 17, 2023, the Court stayed the matter until after Plaintiff's related state court criminal matter concluded. (Order, ECF No. 8.) The Court directed Plaintiff to file a status report by August 1, 2023, in the event the state court matter had not resolved. (*Id.*) Thereafter, at the Court's direction, Plaintiff filed periodic status reports and this matter remained stayed.

In response to a December 6, 2024, status report filed by Plaintiff, (ECF No. 25), the Court ordered Plaintiff to notify the Court when his state court criminal matter is resolved and if the matter remained unresolved as of March 31, 2025, to file a new status report by April 10, 2025. (Order, ECF No. 26.) Because the Court's order was returned as undeliverable, the Court issued an order directing Plaintiff to file a status report by April 30, 2025. (Order, ECF No. 28.) The Court's order was mailed to Plaintiff and was not returned.

Because Plaintiff did not file the status report as ordered, on May 5, 2025, the Court ordered Plaintiff to show cause, on or before May 19, 2025, as to why he has not complied

with the Court's orders and why the matter should not be dismissed.  (Order, ECF No. 29.)  The Court cautioned Plaintiff that if he failed to show cause, the matter could be dismissed.  (*Id.*)  The order was mailed to Plaintiff and was not returned.  Plaintiff did not file a response to the Order to Show Cause.

Because Plaintiff has not responded to the Order to Show Cause and has not otherwise communicated with the Court for more than five months, Plaintiff has failed to prosecute his claim.  Accordingly, I recommend the Court dismiss Plaintiff's complaint unless, within fourteen days of the date of this recommended decision, Plaintiff files a report regarding the status of his state court criminal matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)."  *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has not complied with the Court's orders directing him to file a status report and has not otherwise communicated with the court.  Plaintiff, therefore, has failed to prosecute his claim.  Dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, unless within fourteen days of the date of this recommended decision, Plaintiff files a report regarding the status of his state court criminal matter, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of June, 2025.